[No. 17688.  Department One.  March 9, 1923.]

Hotel Barker Company, *Respondent,* v. C. O. Walston, *Appellant.*[1]

Corporations (123)—Officers — Compensation — Contract for Services—Evidence—Sufficiency. The compensation of a corporate officer, continuing in service after the definite period of his service, should be at the rate fixed by the board of trustees for the period just completed, where there were no circumstances or conditions which would estop the corporation from disputing his claim for additional services; and the evidence sustains such limitation, where it appears that he acquiesced therein, and paid himself $2,500 additional a few months before quitting, without notice to others · interested in the company.

Appeal from a judgment of the superior court for King county, Reynolds, J., entered April 8, 1922, upon findings in favor of the plaintiff, in an action for an accounting, tried to the court. Modified.

*Robert B. Brown* and *Albert D. Martin,* for appellant.

*Lorenzo M. Cobb* and *Carl E. Croson,* for respondent.

Bridges, J.—By this action the plaintiff sought to recover of the defendant a little less than $7,000, which it is alleged he wrongfully took while an officer of the plaintiff corporation. The defendant has appealed from a judgment against him in the sum of $4,125.

The facts are about as follows:  The respondent is a corporation engaged in the business of operating a hotel in the city of Seattle. The appellant was a large stockholder, a trustee, and the president and treasurer of the company. Early in its history he was also made manager, an office not recognized by·the by-laws. These provided that· the officers of. the corporation should

[1] Reported in 213 Pac. 458.

receive such compensation as should, from time to time, be fixed and determined by the board of trustees. On June 2, 1916, the stockholders fixed appellant's compensation as president and treasurer at $100 per month until June 2, 1917. On the same day, the trustees fixed appellant's salary as manager at $100 per month till June 2, 1917, this amount being in addition to the $100 per month to him as president and treasurer. On January 2, 1917, the board fixed the total compensation at $250 per month until January 2, 1918, and on January 2, 1918, it fixed his compensation at $300 per month until January 2, 1919. Other than as above indicated, appellant's compensation was not fixed by the board of trustees. It will be observed that it did not fix any compensation for the time between January 2, 1919, and February 15, 1921, when the appellant disposed of his stock in respondent and ceased to perform services for it. The books and certain statements made up by expert accountants seem to show that, during all this period from June 2, 1916, to February 15, 1921, the appellant received on account of salary $18,175. It is now left to determine how much salary he was entitled to receive; that is, was he entitled to a reasonable compensation for his services during those periods when his compensation was not fixed by the board, or should he continue to receive the amount last fixed?

The almost universal rule is that, where compensation to an officer of a corporation has been fixed by the board of trustees for a definite period and, by the consent of all concerned, the services are continued after the termination of such fixed period, the compensation shall be at the rate previously fixed by the board, unless the services are performed under such circumstances and conditions as will estop the corporation from disputing the right to receive a different com-

pensation. The rule is well stated by Thompson on Corporations, vol. 2 (2d ed.), § 1739, as follows:

"Officers, managers and agents of corporations are usually employed at a stated compensation for a specified period of time. Where, as frequently happens, an officer or agent so employed continues the performance of the same duties after the expiration of the stated period of time, but without any new contract as to compensation, the question may arise as to his right to recover compensation on the basis of the terms of the original contract, or on the value of the services without reference to such contract. The law governing this particular point is well settled, and the rule may be stated as follows: Where an officer or agent of a corporation, employed at a fixed salary for a definite term, continues in the same employment after the expiration of the term of the original hiring without any new contract, the law will presume that the contract has been renewed for the same period and at the original rate of compensation, and the recovery must be based on the terms of the original contract and not on a quantum meruit."

Under this rule, the appellant was entitled to receive $200 per month from June 2, 1916, to January 2, 1917, and $250 per month from January 2, 1917, to January 2, 1918, and $300 per month from the last named date to February, 1921, when his services ceased. On this basis he was entitled to receive during the whole period of his services from June 2, 1916, to February 15, 1921, $15,650. Having received, as before shown, $18,175, it follows that he received $2,525 too much. The lower court seems to have found and adjudged that appellant had received $3,425 more than he was entitled to. From the testimony we are unable to learn how the trial court arrived at its figures.

Appellant, however, contends that he is not bound by the rule of compensation as we have previously stated it. He asserts that not only was there a distinct

understanding between the other officers of the company and himself for such additional compensation, but that they knew he was actually receiving such amount, and that the corporation is not now in position to dispute his right to receive it. This position might be sustained if the evidence supported it. The other stockholders and officers of the corporation testified that there was no understanding or agreement that appellant was to have additional compensation, and they further stated they did not know, until they had the books of the company audited shortly before the bringing of this action, that he had received such additional sums. The trial court held against the appellant on these matters, and since he was in better position to judge of the credibility of the witnesses than we are, we are not disposed to interfere with his conclusions. They are strongly supported by the conduct of the appellant himself. Throughout the period from 1916 to 1921, he received compensation substantially in accordance with the amount fixed by the board of trustees, and it was not until a short time before he ceased his services that he received $2,500 additional compensation for previous years. This, at least, would seem to support the contention of the respondent that it was at all times understood that appellant would receive only the compensation fixed by the board. It ought to be here stated that most of the time the appellant and one other owned substantially all the capital stock of the company and filled its offices. Appellant often paid himself his compensation, and thus the other officer and stockholder had no actual knowledge of the amount of such payments. A few months before he ceased his services, appellant himself charged on the books of the company the additional compensation to himself of $2,500 for certain previous years, and, as found by the trial court,

the others interested did not learn of this till shortly before this suit was brought.

There is but one other item in controversy, and that is the sum of $700. As we understand the record and the argument, the facts with reference to that sum are about as follows: Appellant asserts that the attorney for the respondent had a bill for $1,200 for services and that it had paid him all but $700 thereof, and that he, the appellant, from time to time, paid out of his own pocket the additional amount claimed by the attorney, to wit, $700, and he claims the right to have the respondent repay him that amount, and that, as a matter of fact, he did receive from the company that sum. We deem it unnecessary to give further facts concerning this matter. The trial court found that this $700 was not paid to the attorney on account of services performed for the respondent. While a reading of the testimony on this feature of the case seems to leave us in some uncertainty, we are not disposed to find against the conclusions of the trial court.

The judgment was for $4,125. We find it should have been for $2,525, overpay on account of salary, plus the $700 last mentioned, making a total of $3,225. The judgment is modified to the extent noted.

Main, C. J., Mackintosh, Holcomb, and Mitchell, JJ., concur.